## CLINE v. UNITED STATES.
### No. 9561.

Circuit Court of Appeals, Fifth Circuit.
Dec. 20, 1940.

Howard Dailey, of Dallas, Tex., for appellant.

Clyde O. Eastus, U. S. Atty., of Fort Worth, Tex., for appellee.

Before SIBLEY and HOLMES, Circuit Judges, and DAWKINS, District Judge.

PER CURIAM.

The appellant entered a plea of guilty February 5, 1940, and was sentenced to three years imprisonment on the first count; and fifteen years on the remaining counts, with execution suspended for probation to begin at expiration of service of the sentence on the first count. On the same day, in jail awaiting transportation to the penitentiary, Cline's person was searched and a large quantity of contraband narcotics was found. He was brought back into court, and the judge revoked the suspension of execution of sentence on the counts other than the first, and changed the term from fifteen years to ten years, to be served on expiration of service of the sentence on the first count. Notice of appeal was filed, the grounds all relating to the legality of the search, and the power of the judge, before the time of probation had arrived, to revoke it and resentence on the counts as to which execution of sentence was suspended. Bail was granted pending appeal, and on April 22 the court granted an extension of time for sixty days to perfect the appeal. The appeal was docketed in this court June 10. On call of the case for argument on Nov. 15, after due notice of its setting, no transcript of the record or brief had been filed and the United States moved to dismiss the appeal. Counsel for appellant asked for time to file a brief which has expired and no brief has been filed. The case is subject to dismissal under our rules for want of prosecution, but we have looked into its merits far enough to satisfy ourselves that the search of a convict about to be transported to the penitentiary is not unlawful; and that the judge had power to take the action he did. No sufficient reason appears why our rules should not be enforced. The appeal is dismissed for want of prosecution.

Dismissed.