Emory Gene REED, Petitioner,

v.

The UNITED STATES, Respondent.

Civ. A. No. 64–B–94, relative to
Crim. No. 42152.

United States District Court
S. D. Texas,
Brownsville Division.

Dec. 21, 1964.

Emory Gene Reed, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for the United States.

GARZA, District Judge.

Petitioner, Emory Gene Reed, brings his second motion to vacate and set aside his sentence under 28 U.S.C.A. § 2255.

On September 18, 1961, Petitioner pled guilty to an indictment charging him with violation of the Dyer Act, 18 U.S.C.A. § 2312. He was sentenced to five years in the penitentiary and a fine of $1,000.00. The sentence was suspended, conditioned on good behavior, and he was placed on probation with supervision which was to begin at the time he was released by authorities of Louisiana, where charges against him were pending. After sentencing, Peti-tioner was turned over to officers of the State of Texas, and on November 11th he participated in a jail break and escaped from the Cameron County jail. On November 13, 1961, a bench warrant was issued by this Court, and after Petitioner was apprehended and returned to jail in Brownsville, he was brought before this Court for a hearing on revocation of his probation, which was held on December 4, 1961. Petitioner's probation was revoked and his sentence was reduced to three years to serve. He was again turned over to Texas state authorities who had filed complaints against him. He was indicted and tried by the State of Texas and sentenced to four years to serve. On November 1, 1961, Petitioner was released by the State of Texas to the United States marshal who took him to the federal penitentiary in Leavenworth, Kansas, where he began serving his 3-year sentence imposed by this Court.

Petitioner's prior motion for correction of an illegal sentence was based upon his claim that he should be given credit against his said sentence for the time spent in the State prison. Since this Court had not provided that the federal sentence be concurrent with any State sentence which might be imposed, Petitioner's motion was overruled on May 27, 1964, under the authority of 18 U.S.C.A. § 3568. Leave to appeal this ruling in forma pauperis was denied by the U. S. Court of Appeals for the Fifth Circuit on July 31, 1964.

Petitioner now claims that this Court was without jurisdiction to revoke his probation and impose a prison term because the period of probation had not yet begun.

18 U.S.C.A. § 3653, deals with revocation of probation for violation "occurring during the probation period." Petitioner argues that his period of probation was to begin when he was released from jail or penitentiary, and his escape and subsequent violations of the law were not committed during the period of probation. Petitioner relies upon cases holding that a court is without jurisdiction to revoke probation for violations occur-

ring after the expiration of the probationary period. Sanford v. King, 5th Cir., 1943, 136 F.2d 106. The court there had to determine when the period of probation began in order to decide whether it had expired before the offense occurred which was made the basis of the revocation.

As stated in Judge Waller's concurring opinion in James v. United States, 5th Cir., 1944, 140 F.2d 392, at 394, the Sanford case did not involve the commission of an offense between the date of the imposition of sentence and the beginning of the period of probation.

"The Sanford case, supra, should not be construed as a holding that the court could not revoke probation for an offense committed between the date of sentencing and the date on which probation was to begin."

Petitioner also cites Kelly v. United States ex rel. Frad, 2d Cir., 1937, 89 F. 2d 866, which merely held that a district judge sitting in the Eastern District of New York could not exercise the power of a court in a cause pending in the Southern District.

In Cline v. United States, 5th Cir., 1940, 116 F.2d 275, the defendant was sentenced under a multi-count indictment to three years imprisonment on the first count and fifteen years suspended on the remaining counts with probation to begin at the expiration of the prison term. On the same day, while the defendant was in jail awaiting transportation to the penitentiary, a large quantity of narcotics was found on his person. He was brought back into court, his probation was revoked and a reduced prison term imposed on the remaining counts. Although the appeal was dismissed for want of prosecution, the court looked into its merits and was satisfied that the judge had the power to revoke the probation before it began.

As stated in Burns v. United States, 1932, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266:

"Probation is thus conferred as a privilege, and cannot be demanded as a right. It is a matter of favor, not of contract. There is no requirement that it must be granted on a specified showing. The defendant stands convicted; he faces punishment, and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential." 287 U.S. at p. 220, 53 S.Ct. at p. 155.

Petitioner alleges no issues of fact requiring a hearing, his only point being one of law.

This Court holds that it had jurisdiction to revoke Petitioner's probation, and his motion to vacate and set aside sentence will be and the same is hereby overruled. This constitutes the final judgment in this cause.

The Clerk will transmit true copies of this memorandum opinion and order to Petitioner and to the United States Attorney.