James **WRIGHT**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 7509.

District of Columbia Court of Appeals.

Argued Aug. 14, 1973.

Decided Feb. 26, 1974.

Robert St. John Roper, Washington, D. C., appointed by this court, for appellant.

Stuart M. Gerson, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

Appellant pleaded guilty to the offense of attempted petit larceny.[1] He was sentenced to imprisonment for three hundred and sixty-five days. As to one hundred and eighty days of this appellant was granted the privilege of work release[2] and the remainder was suspended. The work release was to be followed by one year's probation.[3]

Appellant arrived at a halfway house and that same evening left and did not return. A warrant was issued for his arrest and within a few days he was arrested and charged with willfully failing to return to the place of confinement designated in his work release plan.[4] Appellant pleaded guilty to this offense and was sentenced by another judge to ninety days. That sentence was suspended and appellant was placed on probation for that period.

Appellant was then brought before the original sentencing judge for a determination of whether the probation set to begin after service of work release should be re-voked. After a hearing at which appellant was represented by appointed counsel, the trial court, upon a finding of no adequate justification for his absence from work release and failure to return, vacated its prior order suspending the sentence and revoked probation. Appellant then commenced service of the remainder of his three hundred and sixty-five day sentence. It is from this order that he appeals.

Appellant contends that the court was without jurisdiction to revoke probation because he had not yet begun to serve his probationary term. He contends, in the alternative, that if jurisdiction existed the revocation of probation was without due process because the conditions of probation could not be violated since probation had not yet begun.

Appellant's jurisdictional argument rests primarily on the words of that section of the District of Columbia Code which grants a court the power to revoke probation. It reads in relevant part:

At any time *during the probationary term* the court may modify the terms and conditions of the order of probation, or may terminate such probation, when in the opinion of the court the ends of justice shall require, and when the probation is so terminated the court shall enter an order discharging the probationer from serving the imposed penalty; or the court may revoke the order of probation and cause the rearrest of the probationer and impose a sentence and require him to serve the sentence or pay the fine originally imposed, or both, as the case may be, and the time of probation shall not be taken into account to diminish the time for which he was originally sen-

1. D.C.Code 1973, §§ 22–103, 22–2202.

2. D.C.Code 1973, § 24–461 et seq.

3. The sentencing order read as follows: ORDERED that the defendant be, and hereby is, committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of (365) three hundred & sixty five days. Execution of sentence suspended as to (185) One hundred and eighty five days. The Court orders work release. After serving sentence, deft [Defendant] to be placed on one year probation. Deft [Defendant] given credit for time served.

4. D.C.Code 1973, § 24–465(b).

tenced. D.C.Code 1973, § 24–104. (Emphasis added.)

Because he was not yet actually serving his probation, but was serving his one hundred and eighty-five day incarceration, appellant argues that the court lacked statutory authority to revoke his probation.[5]

While this appears to be a novel contention in this jurisdiction, it has been considered before in the federal courts. They appear to have had no great difficulty with the question. The problem is dealt with well in James v. United States, 140 F. 2d 392, 394 (5th Cir. 1944) (Waller, J. concurring), where it is stated:

. . . If, at any time before the defendant has completed the maximum period of probation, *or before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of same would not be in subservience of the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 156, 77 L.Ed. 266.

The statute is unusually broad and it must of necessity be flexible in order that it might be accommodated to the different situations surrounding various offenders. (Footnote omitted.) (Emphasis added.)

*See* Cline v. United States, 116 F.2d 275 (5th Cir. 1940); Davis v. Parker, 293 F. Supp. 1388 (D.Del.1968); Reed v. United States, 236 F.Supp. 967 (S.D.Tex.1964). As those decisions indicate, the probation statutes are broadly drawn and necessarily must lend themselves to flexibility. Though probation must not be revoked except after the exercise of informed discretion based upon a hearing in accordance with due process requirements, Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the fact remains that once granted, probation does not become a vested right. It is granted in the sound exercise of discretion and so may it be revoked.

But, says appellant, be that as it may the statute here involved provides for revocation only "at any time during the probationary term." It is his position that regardless of the absurd situation which would result if his narrow construction were followed the statute leaves no alternative but to ignore his criminal conduct in relation to the prior grant of probation.

It hardly needs saying that absurdity is a result courts should view with disfavor. Though it may occasionally happen that because of legislative oversight a statute fairly leaves no room for construction to avoid such a result, we think this is not the situation here.

While the statute here involved does, as appellant says, provide for revocation "during the probationary term" we do not think this restricts revocation of probation to the period of actual service of the probation, though normally this will be the case. We think "probationary term" may and should be construed for revocation purposes as including the term beginning at the time probation is granted.[6] Other-

5. D.C.Code 1973, § 24–104, was enacted in 1910. Since that date it has not been amended. If for no other reason, and without regard to this case, it would appear that the government might review the probation statutes to determine if legislative recommendations for modernization are in order.

6. The outward limitation on the time for revocation of probation is the discharge of the probationer. D.C.Code 1973, § 24–104; *see* Cooper v. United States, D.C.Mun.App., 48 A.2d 771 (1946).

wise, having been granted probation a defendant could commit criminal acts with impunity—as far as revocation of probation is concerned—until he commenced actual service of the probationary period.[7] Congress could hardly have intended to lock the trial court's hands in this fashion by the use of the phrase "during the probationary term." Furthermore, viewing the federal probation statute [8] alongside the statute here involved we do not view them as differing essentially in relation to this question, leaving aside the phrase "during the probationary term," to which we do not attach the conclusiveness appellant urges upon us.

■ We think this problem was dealt with quite sensibly in Martin v. State, 243 So.2d 189 at 190–191 (Fla.App.1971), where the court said:

The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We

think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, the power to revoke probation is an inherent power of the trial court, which may be exercised at anytime upon the court determining that the probationer has violated the law. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation. (Citations omitted.)

Prior to revocation of probation, appellant was given an adequate hearing at which he was represented by counsel.

We conclude the order appealed from should be affirmed.[9]

So ordered.

7. Appellant has conceded, and we consider it to be without question, that there is implied within every grant of probation a condition that the probationer not violate the law while on probation.

8. 18 U.S.C.A. § 3651 (1973), which provides in pertinent part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

     \*    \*    \*    \*    \*

Probation may be granted whether the offense is punishable by fine or imprison-

ment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

The court may revoke or modify any condition of probation, or may change the period of probation.

The period of probation, together with any extension thereof, shall not exceed five years.

9. Appellant's alternative contention that the revocation was without due process as the conditions of probation could not be violated since probation had not begun is interwoven in the contention discussed and, in any event, is without merit.