## Carl RUSSELL, Appellant,

v.

## UNITED STATES, Appellee.

### No. 93–CF–1510.

District of Columbia Court of Appeals.

Submitted Dec. 5, 1996.

Decided Jan. 9, 1997.

Ferris Ridgely Bond, Washington, DC, appointed by the court, was on the brief for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, Michael F. Tubach and Heidi L. Rummel, Assistant United States Attorneys, were on the brief for appellee.

Before FERREN and STEADMAN, Associate Judges, and BELSON, Senior Judge.

STEADMAN, Associate Judge:

The only issue in this appeal is whether it is illegal to operate within the District of Columbia a car with Virginia tags that does not have a Virginia inspection sticker on its windshield. It was on this basis that a United States Park Police officer stopped appellant Carl Russell. After discovering that Russell's driver's license was suspended, the officer placed Russell under arrest. A search of the car revealed a loaded pistol and twelve rounds of ammunition.

At appellant's trial on weapons charges, the trial court denied Russell's motion to suppress the gun and ammunition. It specifically rejected Russell's argument that District of Columbia law does not require the display of a Virginia inspection sticker to drive a Virginia registered car in the District, even though such a sticker would be required to lawfully drive within Virginia, and therefore, the initial traffic stop was in violation of the Fourth Amendment. We agree with the trial court.

The Supreme Court recently summarized the familiar governing law in this area in the context of a traffic stop.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects

against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.

*Whren v. United States,* —— U.S. ——, ——, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996) (citations omitted). Of course, probable cause is not required: an investigatory stop is also permissible if the police have a reasonable suspicion of criminal activity. *Ornelas v. United States,* —— U.S. ——, ——, 116 S.Ct. 1657, 1660, 134 L.Ed.2d 911 (1996); *In re M.E.B.,* 638 A.2d 1123, 1133 (D.C.1993).

In the case before us, the relevant D.C. Regulation provides that

A vehicle owned by a non-resident and currently registered in another jurisdiction shall display the proper inspection sticker issued for the vehicle in accordance with the requirements of the issuing jurisdiction.

18 DCMR § 602.7 (1995). Because Russell's car had Virginia tags, the "issuing jurisdiction" for § 602.7 purposes was Virginia.

Virginia requires that automobiles registered in the state submit to an annual safety inspection. VaCode Ann § 46.2–1157 & 1158 (Michie 1996). If a vehicle passes inspection, an inspection sticker is placed on the windshield. VaCode Ann § 46.2–1163 (Michie 1996). That same section of Virginia law also requires that

[the inspection] sticker shall be displayed on the windshield of such vehicle or at such other designated place upon the vehicle at all times when it is operated on the highways in the Commonwealth and until such time as a new inspection period shall be designated and a new inspection sticker issued.

*Id.*

Russell does not dispute the fact that his windshield did not display a valid Virginia inspection sticker at the time he was stopped. Rather, Russell argues, as he did before the trial court, that under Virginia law he was not required to display an inspection sticker while driving outside Virginia. Russell points out that he was required by Virginia law to display the inspection sticker on his car only "at all times when it is operated on the highways in the Commonwealth," and, consequently, not when operated in the District of Columbia. Thus, Russell urges, he was not in violation of § 602.7 when the Park Police officer stopped him because he "displayed" the sticker "in accordance with the requirements of the issuing jurisdiction" by displaying no sticker at all. Because under this analysis he was not in violation of § 602.7, Russell asserts that the officer lacked reasonable suspicion to stop him; accordingly, his stop was in violation of the Fourth Amendment and the fruit of the subsequent search incident to his arrest must be suppressed.

While Russell's argument is ingenious, we agree with the trial court that it is incorrect. Russell's argument assumes that the phrase "in accordance with the regulations of the issuing jurisdiction" in § 602.7 modifies the verb "display" and encompasses the geographical restriction in the Virginia Code that a vehicle display an inspection sticker only "when it is operated upon the highways in the Commonwealth." We think the far more logical and sensible reading of § 602.7 is that the phrase "in accordance with the regulations of the issuing jurisdiction" principally modifies the immediately preceding verb, "issued," and requires out-of-District motorists to be in compliance with the substantive procedures and requirements relating to a proper inspection sticker imposed by the issuing jurisdiction.

To adopt Russell's crabbed reading would render § 602.7 meaningless with respect to any driver of a vehicle registered in Virginia, a not insignificant number of which drive on the streets and highways of the District of

Columbia on any given day. An apparent purpose of § 602.7 is to provide some assurance that cars from other jurisdictions are in safe condition to operate here. We do not think the drafters of § 602.7 intended a reading that would make it inapplicable to such a large number of non-resident motorists. *See Peoples Drug Stores, Inc. v. District of Columbia,* 470 A.2d 751, 754 (D.C.1983) (en banc) (noting that in statutory construction absurd results are disfavored); *Wright v. United States,* 315 A.2d 839, 841 (D.C.1974) (same). That the Virginia law relating to the display of the inspection sticker refers only to the highways of Virginia is simply a recognition of the territorial limits of Virginia sovereignty and the permissible reach of its law. It is District law that made appellant's operation of his vehicle illegal here.[1]

*Affirmed.*

---

**1.** Russell also suggests that D.C.Code § 40–303(a) (1990), which provides a thirty day grace period for new residents to comply with D.C. motor vehicle laws, somehow precludes a finding of reasonable suspicion here. The fact that such a defense *might* be available to Russell hardly serves to negate reasonable articulable suspicion in the circumstances here.