**UNITED STATES of America,**
**Appellee,**

v.

**Kelo L. KING, Appellant.**

No. 00–3023.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 12, 2001.

Decided July 3, 2001.

Beverly G. Dyer, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender. Sandra G. Roland and Valencia R. Rainey, Assistant Federal Public Defenders, entered appearances.

Roy W. McLeese, III, Assistant U.S. Attorney, argued the cause for appellee. With him on the briefs were Wilma A. Lewis, U.S. Attorney at the time the briefs were filed, John R. Fisher, Marian L. Borum and Jacqueline Bussiere–Burke, Assistant U.S. Attorneys.

Before: GINSBURG, SENTELLE and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

Concurring opinion filed by Circuit Judge HENDERSON.

GINSBURG, Circuit Judge:

Kelo King challenges his conviction and sentence for possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). King argues that (1) his conviction was based upon evidence improperly admitted at trial and (2) his sentence was unlawful in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We affirm King's conviction because, although the district court erred in admitting some of the challenged evidence, the errors were harmless. We also affirm King's sentence because it is fully consistent with *Apprendi*.

## I. Background

While driving in the District of Columbia, King had the misfortune of being spotted by two officers of the United States Park Police who both recognized him and noticed that the BMW he was driving bore Virginia license plates but did not have the inspection sticker required by Virginia law. *See* Va.Code Ann. § 46.2–1163; *Russell v. United States*, 687 A.2d 213, 215 (D.C. 1997) (unlawful to operate Virginia vehicle in District of Columbia without valid Virginia inspection sticker, per D.C. Mun. Regs. tit. 18, § 602.7). After stopping King the officers determined that his Virginia tags had been issued for a Ford registered to one Johnny Boston, which was the name on the license and registration that King produced at the officers' request. Subsequently, while one of the officers was speaking with King, the other, looking through the passenger window, noticed a gun wedged into the back of the sunroof.

King was arrested and charged with being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He was also cited for four motor vehicle violations: driving an unregistered vehicle, proffering a false driver's license, driving without a valid license, and lacking an inspection sticker. In securing King's vehicle following his arrest, police found in the trunk a sheathed knife with a nine-inch notched blade.

The district court denied King's motions in limine to exclude from evidence the knife, the license and registration King had produced during the traffic stop, and the Virginia tags. At trial, King called as his only witness Lakiesha Boulware, who testified that she and an acquaintance called "D" had borrowed the BMW from King earlier on the day he was arrested, and that "D" had placed his gun in the sunroof of the car and forgotten it there. The jury convicted King and the district court sentenced him to ten years in prison. In calculating his sentence, the court enhanced the base offense level under the

Sentencing Guidelines because King had two prior convictions and because the firearm was stolen.

## II. Analysis

King appeals both the denial of his motions in limine and the enhancement of his sentence.

### A. Admission of evidence

■ Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence regarding "crimes, wrongs, or acts," other than those charged, for the sole purpose of impugning the character of the accused. *See United States v. Bowie*, 232 F.3d 923, 927, 930 (D.C.Cir.2000). Such evidence may be admitted under Rule 404(b), however, to "pro[ve] ... motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See also Bowie*, 232 F.3d at 930. Evidence that is admissible under Rule 404 may nonetheless be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." We review the district court's application of these Rules for abuse of discretion. *See, e.g., United States v. Mathis*, 216 F.3d 18, 25–26 (D.C.Cir.2000).

King argues that having a legal, albeit vicious-looking, knife in one's trunk is relevant to one's knowledge of an illegal gun in the passenger compartment only if a person who owns such a knife might be thought the sort of person who would also have a gun; the knife is therefore inadmissible under Rule 404(b), or in the alternative, unduly prejudicial and therefore inadmissible under Rule 403. The district court disagreed and admitted the knife into evidence because it thought the knife "tends to prove knowing unlawful possession [of the gun]." Upon appeal the Government maintains the knife is relevant to King's "knowledge and intent" regarding the firearm.

Although the Government did not at trial justify admission of the knife on the grounds of knowledge and intent, we reject King's claim that the Government is barred from asserting those justifications here. The district court admitted the evidence upon those very grounds, and the Government has the right to defend its ruling. *Cf. Blum v. Bacon*, 457 U.S. 132, 137 n. 5, 102 S.Ct. 2355, 72 L.Ed.2d 728 (1982) ("It is well accepted ... [that] an appellee may rely upon any matter appearing in the record in support of the judgment below").

■ On the merits, however, we find the district court's admission of the knife to be an abuse of its discretion. To be sure, in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged. *See Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) ("In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor"). For example, the courts of appeals have upheld the district court's exercise of discretion to admit evidence that a defendant charged with unlawful possession of firearms had previously possessed the same weapons, *United States v. Mills*, 29 F.3d 545, 549 (10th Cir.1994); *United States v. Davis*, 792 F.2d 1299, 1305 (5th Cir.1986), or that the defendant simultaneously possessed other firearms for which he was not charged, *United States v. Brown*, 961 F.2d 1039, 1042 (2d Cir.1992). The courts of appeals have also held it within the discretion of the district court to admit evidence

regarding similar acts of possession that suggest "repetitive involvement in the same kind of criminal activity" even if they do not involve the same objects. *United States v. Lego,* 855 F.2d 542, 546 (8th Cir.1988) (evidence of subsequent possession of firearms relevant to earlier possession of same); *see also Bowie,* 232 F.3d at 930 (evidence of earlier possession of counterfeit notes relevant to later possession of similar notes); *United States v. Gomez,* 927 F.2d 1530, 1534 (11th Cir.1991) (evidence of earlier conviction for possession of firearms relevant to new charge of same because it tends to rebut defense that possession was "mere accident or coincidence"); *cf. United States v. Brooks,* 670 F.2d 625, 629 (5th Cir.1982) (marijuana found with cocaine relevant to defendant's knowledge and intent in possessing the cocaine).

The Government, citing several of these precedents, argues that whether King possessed a knife, which may after all be used as a weapon, is therefore probative of whether he knowingly possessed the gun in the same vehicle. We disagree. Unlike a gun, possession of which is unlawful for innocents and felons alike in the District of Columbia, even a felon may lawfully possess a knife; a knife with a notched blade has licit and nonviolent uses, as in hunting and fishing; and stored in the locked trunk of King's car, the knife was out of his reach while he was in passenger compartment where the gun was found. We do not think learning that there was a knife locked in the defendant's trunk could have affected the jury's view of whether he knew about the gun in the sunroof unless the jurors reasoned that someone who has one object that could be used as a weapon is more likely to have another that is an undoubted weapon, the gun — which is precisely the sort of reasoning that Rule 404(b) is meant to obviate.* *Compare, e.g., People of Territory of Guam v. Shymanovitz,* 157 F.3d 1154, 1158–59 (9th Cir. 1998) (possession of lawful erotic literature inadmissible under Rule 404(b) because irrelevant to whether defendant engaged in unlawful sexual conduct with minors).

■  Nonetheless, we do not disturb King's conviction because admission of the knife into evidence was a harmless error. *See, e.g., United States v. Johnson,* 216 F.3d 1162, 1166 n. 4 (D.C.Cir.2000) ("[N]onconstitutional error is harmless if it did not have 'substantial and injurious effect or influence in determining the jury's verdict'") (quoting *Kotteakos v. United States,* 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)). The knife was at most tangential to the Government's case — that King had stashed a gun within easy reach in the passenger compartment of his car — and the prosecution treated it accordingly. Although the prosecutor asked both arresting officers to describe and identify the knife for the jury, and to recount its placement into the chain of custody, she made at most one substantive reference to the knife, an ambiguous comment in her closing statement that King claims, and we will assume, related to the

---

* Our concurring colleague suggests that whether the knife is a weapon is a question of fact properly left to the jury. *See* Concurring Op. at 1104 n.*. So to hold would eviscerate Rule 404(b) by making evidence of other crimes, wrongs, and acts generally admissible as long as the jury was instructed to disregard the evidence if it determines the evidence is relevant only to the defendant's character. Rule 404(b) takes a different approach: it requires the judge to screen evidence in order to avoid exposing the jury to matters that bear only upon the defendant's character. Contrary to our colleague's suggestion, the protection of Rule 404(b) supplements the promise of Rule 403 that evidence the "probative value [of which] is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues" will be excluded.

knife. In these circumstances we are fully confident that the jury's assessment of the basic facts was not "substantial[ly] and injurious[ly]" affected by its knowledge of the knife in the trunk. Nor could the knife have had a substantial effect upon the jury's refusal to credit the testimony of King's friend, Ms. Boulware. Knife or no, a reasonable jury could not seriously entertain the tale of the elusive "D," whose first and last names Boulware denied knowing. According to Boulware, this D had driven his own fully functional automobile to meet King, borrowed King's car to run an errand, and stashed in its sunroof a stolen and loaded firearm which, his errand accomplished, he then absentmindedly left behind.

■ King also argues that the evidence of his motor vehicle violations admitted by the district court is irrelevant to his knowledge or intent under Rule 404 and prejudicial under Rule 403. This claim is somewhat broader than the one King made at trial, where he limited his objection to admission of "the Virginia driver's license in the name of Johnny Boston, Virginia vehicle registration for a BMW, [and] Virginia tags."

As to the narrower objection, the Government correctly argues that the license, registration, and tags are admissible under Rule 404(b) because they "ma[ke] a material contribution to the strength of the inference that appellant had a possessory interest in the car and knowingly possessed its contents": the license, which bears King's photograph, connects him to the name "Johnny Boston," and the registration and tags in turn connect Johnny Boston to the BMW. King points out that the registration in the name of Boston rather than King might "contradict, rather than confirm" the Government's theory that King owned the car; but, again as the Government notes, evidence may be both

relevant and susceptible to conflicting interpretations. We also reject King's contention that the license, registration, and tags are irrelevant because the Government "relied exclusively on Mr. King's statement that the car was his"; as we have recently had occasion to point out, "evidence of other ... [bad] acts is admissible to corroborate evidence that itself has a legitimate non-propensity purpose." *Bowie*, 232 F.3d at 933. Finally, we reject King's claim that the probative value of the three items was "substantially outweighed by the danger of unfair prejudice," FED.R.EVID. 403. The likelihood that a jury would conclude from King's noncompliance with the motor vehicle code that he has a general propensity to commit bad acts, much less a propensity to carry a gun, is, to say the least, remote.

King's broader objection before this court embraces the admission into evidence of his traffic citations for lacking a valid driver's license and a Virginia vehicle inspection sticker. Because King did not object to the admission of this evidence at trial, we review its admission only for plain error; and because neither citation could possibly have led the jury materially to change its view of the firearms charge against him, we conclude that their admission did not affect King's "substantial rights." *See, e.g., United States v. Breedlove*, 204 F.3d 267, 271 (D.C.Cir.2000) (no plain error if defendant's "substantial rights" unaffected).

## B. Calculation of sentence

■ In calculating King's sentence, the district court enhanced the applicable Guidelines range based upon facts it found by a preponderance of the evidence to be true but that had not been submitted to the jury. It then imposed a sentence of 120 months in prison, the maximum allowable for a violation of 18 U.S.C. § 922(g).

*See id.* § 924(a)(2). We reject King's argument that the district court's reliance upon facts not found beyond a reasonable doubt by the jury violates *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As we recently held, *Apprendi* does not constrain the district court's adherence to the Guidelines "when the resulting sentence," as in this case, "remains within the statutory maximum." *In re Sealed Case*, 246 F.3d 696, 698 (2001); *accord United States v. Fields,* 251 F.3d 1041, 1043-44 (D.C.Cir. 2001).

### III. Conclusion

For the foregoing reasons, King's conviction and sentence are

*Affirmed.*

KAREN LeCRAFT HENDERSON, Circuit Judge, concurring:

While I concur in the affirmance of King's conviction and sentence, I do not agree the district court committed any error, harmless or otherwise, in admitting the knife.

The majority recognizes that "in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." Maj. Op. at 1100. Moreover, the majority acknowledges that "courts of appeals have ... held it within the discretion of the district court to admit evidence regarding similar acts of possession that suggest 'repetitive involvement in the same kind of criminal activity' even if they do not involve the same objects." Maj. Op. at 1100–01 (quoting *United States v. Lego*, 855 F.2d 542, 546 (8th Cir.1988), and citing cases). Nevertheless, the majority concludes that the district court abused its discretion in admitting the knife because the knife was inadmissible under Rule 404(b). The majority emphasizes two points in finding error: first, the knife may or may not be a weapon and second, if a weapon, it is a legal one. Maj. Op. at 1101. I believe the first point is wrong and the second irrelevant.

The knife found in the trunk of King's car has a nine-inch blade, *see* Trial Tr. at 157, and the blade includes four large barbs. *See* Appendix to Concurring Opinion. The dictionary describes a knife barb as "a sharp projection extending backwards ... preventing easy extraction from a wound." Webster's Third New International Dictionary of the English Language Unabridged 174 (1981). One of the arresting officers described the knife as "kind of like something out of prehistoric." Trial Tr. at 129. It is quintessentially a weapon and, as the majority notes, a "vicious-looking" one at that. Maj. Op. at 1100.

The fact that a defendant is found in possession of two weapons makes it less likely that his possession of either is unknowing. Introduction of the second, albeit legally possessed, weapon into evidence, therefore, allows the jury to draw an inference that is not prohibited by Rule 404(b). We have consistently held that Rule 404(b) allows the admission of "other acts" to show, *inter alia,* knowledge or absence of accident. *See, e.g., United States v. Bowie*, 232 F.3d 923, 930 (D.C.Cir.2000); *United States v. Crowder,* 141 F.3d 1202, 1206 (D.C.Cir.1998) (en banc), *cert. denied,* 525 U.S. 1149, 119 S.Ct. 1049, 143 L.Ed.2d 55 (1999).

But the majority stresses that "a knife with a notched blade has many licit and indeed nonviolent uses." Maj. Op. at 1101. This is true but, here, irrelevant. A gun too may have licit and nonviolent uses–e.g., skeet or other target shooting. But this case does not turn on whether "a" knife

has a use other than as a weapon but whether the knife found in King's possession has such a use. In my view, the majority incorrectly characterizes the reason for the knife's inadmissibility, stating that the jury would have had to improperly reason that "someone who has one object that *could* be used as a weapon is more likely to have another that is an undoubted weapon." Maj. Op. at 1101 (emphasis added). Instead, the jury was allowed, correctly, to consider whether someone in whose possession one "undoubted" weapon is found is more likely to know of a second "undoubted" weapon found in his possession.*

Finally, it is well established that the district court's decision to admit evidence, reviewed under the abuse of discretion standard, *see Stevenson v. District of Columbia Metro. Police Dep't,* 248 F.3d 1187, 1190 (D.C.Cir.2001) (citing *United States v. Clarke,* 24 F.3d 257, 267 (D.C.Cir.1994)); *United States v. Williams,* 212 F.3d 1305, 1308–09 (D.C.Cir.), *cert. denied,* 531 U.S. 1056, 121 S.Ct. 666, 148 L.Ed.2d 568 (2000); *United States v. Smart,* 98 F.3d 1379, 1386 (D.C.Cir.1996) (citing *United States v. Salamanca,* 990 F.2d 629, 637 (D.C.Cir.), *cert. denied,* 510 U.S. 928, 114 S.Ct. 337, 126 L.Ed.2d 281 (1993)), *cert. denied,* 520 U.S. 1128, 117 S.Ct. 1271, 137 L.Ed.2d 349 (1996), is "entitled to 'much deference' on review." *United States v. Ramsey,* 165 F.3d 980, 984 n. 3 (D.C.Cir.) (quoting *United States v. Lewis,* 693 F.2d 189, 193 (D.C.Cir.1982)), *cert. denied,* 528 U.S. 894, 120 S.Ct. 223, 145 L.Ed.2d 187 (1999). In view of the highly deferential standard, I cannot agree the district court abused its discretion in admitting the knife.

---

* In any event, assuming arguendo the knife could reasonably be described as something other than a weapon, the issue of the knife *qua* weapon would be for the jury to decide. In other words, whether or not the knife is a weapon the possession of which tends to make more probable the knowing possession of the second weapon is a question of fact. On the other hand, a different object found in King's car trunk which *could* be used as a weapon (say, a tire iron) might be excludible under Rule 403 (jury confusion). Allowing the jury to decide whether or not the knife is a weapon would not, as the majority supposes, "eviscerate Rule 404(b) ...," Maj. Op. at 1101 n.*, because the jury would disregard the knife *not* "if it determines [it] is relevant only as to the defendant's character," *id.,* but only if it determines it is not a weapon.

APPENDIX TO CONCURRING OPINION
Appendix for Appellant at A–13.