UNITED STATES of America,
Appellee,

v.

Thomas J. BROWN, Appellant.

No. 01-3066.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 4, 2002.

Before GINSBURG, Chief Judge, HENDERSON, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is **ORDERED AND ADJUDGED** that the appellant's conviction be affirmed. We doubt, but need not decide, whether the district court's evidentiary rulings were erroneous because we conclude that even if they were, they "did not have [a] 'substantial and injurious effect in determining the jury's verdict." ' *United States v. King*, 254 F.3d 1098, 1101 (D.C.Cir.2001) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

Although *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), recognizes the potential for prejudice arising from evidence of similar bad acts, the case does not announce a rule that such evidence "has an automatic unfair and substantial prejudicial effect on the jury." *United States v. Cassell*, 292 F.3d 788, 796 (D.C.Cir.2002). In this case it is unlikely that the jury drew any inference of propensity, or indeed was even conscious that evidence of any other gun possession was introduced at all. Whatever inculpatory inferences the jury may have drawn from the challenged testimony could only have been minimal. Meanwhile, with regard to the only contested issue in the case (knowing possession), the Government's evidence was overwhelming: three officers testified that the gun was found in Brown's waistband. The two defense witnesses to the arrest both testified merely that they never saw any gun at the scene, not that they saw officers produce the gun from the van.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.