**OTTLEY SMITH, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2010-0064
Supreme Court of the Virgin Islands
December 15, 2011

STYLISH E. WILLIS, ESQ., St. Thomas, USVI, *Attorney for Appellant*.

BERNARD M. VANSLUYTMAN, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; SWAN, *Associate Justice*.

## OPINION OF THE COURT

(December 15, 2011)

HODGE, C.J. On appeal, Ottley Smith challenges his conviction for unauthorized possession of a firearm in violation of title 14, section 2253(a) of the Virgin Islands Code. He argues that the trial court erred in admitting ammunition, speed loaders, and a knife into evidence, and that the trial court's failure to conduct a hearing after it was informed that jurors were sleeping during parts of the trial violated his right to a fair and impartial trial. For the reasons stated below, we affirm the judgment of the Superior Court.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

On April 23, 2009, Norma N. Gomez, the owner of a building on Garden Street in St. Thomas, went to the Virgin Islands Police Station to report that gunshots had been heard coming from her building. Officers from the Virgin Islands Police Department (VIPD) went to Gomez's building to investigate her report, and discovered Smith lying on a lounge chair on the porch of the building. Located directly underneath the lounge

chair on which Smith was lying was a .38 revolver. The officers placed Smith under arrest and a subsequent search of a brown bag that Smith indicated belonged to him revealed fifteen .38 caliber rounds of ammunition, two speed loaders,[1] and a knife. The People charged Smith with unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a). A one day trial commenced on December 8, 2009, and a jury found Smith guilty of unauthorized possession of a firearm. In a January 26, 2010 Judgment and Commitment, the Superior Court sentenced Smith to fifteen years imprisonment with six years suspended. Smith subsequently filed a timely notice of appeal on January 15, 2010.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

According to title 4, section 32(a) of the Virgin Islands Code, this Court possesses jurisdiction "over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." The Superior Court entered its final Judgment and Commitment on January 26, 2010, and Smith filed his timely notice of appeal on January 15, 2010. This Court thus possesses jurisdiction over Smith's appeal.

Our standard of review in examining the Superior Court's application of law is plenary, while findings of fact are reviewed only for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *See Mulley v. People*, 51 V.I. 404, 409 (V.I. 2009).

### B. Admission of the Ammunition, Speed Loaders, and Knife into Evidence

Smith argues that the trial court erred in admitting the ammunition, speed loaders, and knife, which were found in his possession when he was arrested, into evidence at trial. He contends that by only weighing the probative value of the evidence, and failing to consider the possible danger of unfair prejudice, the trial court did not conduct a proper

---

[1] Speed loaders hold ammunition and are used to quickly reload firearms with additional ammunition.

balancing test and this Court cannot review its decision to admit the evidence. Alternatively, he argues that the prejudicial effect associated with these items far outweighed their probative value, and thus they should have been excluded under 5 V.I.C. § 885.[2]

As an initial matter, we reject Smith's contention that the trial court's failure to expressly articulate a section 885 balance constitutes reversible error. When the Superior Court "fails to explicitly articulate the [section 885] balancing: we [either] decide the trial court implicitly performed the required balance; or, if we decide the trial court did not, we undertake to perform the balance ourselves." *Ansell v. Green Acres Contracting Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (internal quotation marks omitted). Since the Superior Court did not fully articulate a balancing analysis in this case, we undertake that analysis here. *See id.*

Title 5, section 885 "authorizes a court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Gov't of V.I. v. Archibald*, 987 F.2d 180, 186, 28 V.I. 228 (3d Cir. 1993). *See Mulley*, 51 V.I. at 410-12 (noting that Federal Rule of Evidence 403 contains virtually identical language to that set forth in 5 V.I.C. § 885). "When weighing the factors under [section 885], the trial

---

[2] At trial, Smith erroneously relied on Federal Rule of Evidence 403 when objecting to the admission of the ammunition, speed loaders, and knife. FRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." While the Federal Rules of Evidence have since been adopted in this jurisdiction, the Uniform Rules of Evidence applied at the time of Smith's trial. Specifically, on March 26, 2010 the Virgin Islands Legislature approved, and on April 7, 2010 the Governor signed into law, Act No. 7161, section 15, which repealed the prior URE provisions and replaced them with the FRE. *See* Act No. 7161 (Bill No. 28-0180) §15. Thus, Smith's objection should have been made pursuant to title 5, section 885 of the Virgin Islands Code, which was the URE counterpart to FRE 403. Section 885 stated:

> Except as in this chapter otherwise provided, the judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will (a) necessitate undue consumption of time, or (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury, or (c) unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered.

It is not clear from the trial court's ruling whether it applied FRE 403 or section 885. However, even if the trial court also relied on FRE 403, such reliance was harmless error because FRE 403 contains virtually identical language to that set forth in 5 V.I.C. § 885. *See Mulley*, 51 V.I. at 410-12.

court must appraise the genuine need for the challenged evidence and balance that necessity against the risk of prejudice to the defendant." *Archibald*, 987 F.2d at 186 (internal quotation marks omitted). "The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged. Because all probative evidence is prejudicial to a criminal defendant . . . to warrant exclusion . . . its probative value must be slight in comparison to its inflammatory nature." *Mulley*, 51 V.I. at 410-12 (internal quotation marks and citations omitted).

■ Here, the probative value associated with Smith's possession of the .38 caliber ammunition and speed loaders far outweighed any possible prejudice. As the trial court specifically stated in admitting the evidence, "the Government's case has been one of constructive possession. The fact that cartridges of the same caliber [as] the weapon in question were found among the belongings of the Defendant is probative on the issue of the possession." (J.A. 76). We agree with the trial court. The fact that Smith was in possession of ammunition and speed loaders that matched the firearm the People alleged he possessed, allowed the jury to infer that the firearm was his. Accordingly, this evidence was extremely probative. In contrast, the risk of prejudice to Smith from the introduction of this evidence was minimal, especially considering that the trial court specifically instructed the jury that there were no charges against Smith for the possession of the ammunition or speed loaders.

Smith argues that at the time of his trial it was common knowledge that the Territory's murder rate arising from the use of firearms was at a record high and spiraling out of control, and that the ammunition and speed loaders lured the jury into declaring guilt on a ground different from proof specific to the offense charged. Smith, however, has failed to present any evidence to support his assertion that the Territory's murder rate arising from the use of firearms was at a record high. Moreover, even if we were to accept Smith's unsupported assertion about what was common knowledge at the time, it would only have been the introduction of the .38 revolver, as opposed to the ammunition and speed loaders, that would have prejudiced Smith. The ammunition and speed loaders were only used to connect Smith to the firearm, and any incremental prejudice derived from their introduction at trial was minimal and far outweighed

by their probative value. The trial court thus did not err in admitting the ammunition and speed loaders into evidence.

■ The trial court's decision to admit the knife into evidence, however, was an abuse of discretion. Smith's possession of the knife was completely irrelevant to whether he unlawfully possessed a firearm on April 23, 2009. Further, the trial court never addressed the relevance or probative value of the knife in overruling Smith's objection to its introduction into evidence. Since Smith's possession of the knife had no probative value or relevance to the determination of whether he unlawfully possessed a firearm in violation of section 2253(a), it should have been excluded, and the trial court abused its discretion in admitting it into evidence.

■ Despite the trial court's error in admitting the knife, its admission was harmless as it is "highly probable that the evidence . . . did not contribute to the jury's judgment of conviction." *See United States v. Schwartz*, 790 F.2d 1059, 1062 (3d Cir. 1986) (quoting *Gov't of V.I. v. Toto*, 529 F.2d 278, 284 (3d Cir.1976)); *see also United States v. Lee*, 612 F.3d 170, 189 (3d Cir. 2010) (same). The People presented substantial evidence at trial to establish unauthorized possession of a firearm under section 2253(a). Multiple members of the VIPD testified that upon entering Gomez's building, they found Smith alone, lying on a lounge chair with a .38 revolver directly underneath the chair. Moreover, Smith was in possession of approximately fifteen .38 caliber bullets, which is the exact type of ammunition used with a .38 revolver. Therefore, there was overwhelming evidence to convict Smith of unauthorized possession of a firearm, and the trial court's decision to admit the knife into evidence constituted harmless error. *See* V.I.S.CT.R. 4(i) ("No error or defect in any ruling or order or in anything done or omitted by the Superior Court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all of the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties."); *Brown v. People*, 54 V.I. 496, 515 (V.I. 2010) ("An error in admitting evidence is not so prejudicial as to require a new trial when there is other overwhelming evidence of the defendant's guilt."); *see also United States v. King*, 254 F.3d 1098, 1099, 1101, 347 U.S. App. D.C. 53 (D.C. Cir. 2001) (finding admission of a knife harmless error when defendant was charged with being a felon in possession of a firearm).

963

## C. The Issue of Jurors Sleeping During Trial

 Smith also argues that the trial court, after being informed of jurors sleeping during the trial, had the responsibility to make an inquiry to determine whether any of the jurors' actions had deprived Smith of his right to a fair and impartial trial. Smith, however, failed to raise this issue in the Superior Court. Accordingly, this Court will review Smith's claim only for plain error. *See* V.I.S.CT.R. 4(h) ("Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented."); *Phipps v. People*, 54 V.I. 543, 546 (V.I. 2011). "For this Court to reverse the Superior Court under the plain error standard of review, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights." *Id.* (internal quotation marks and citation omitted). "However, even [i]f all three conditions are met, this Court will exercise its discretion to reverse the Superior Court only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id* (internal quotation marks and citations omitted).

Immediately after the People rested its case, Smith's attorney approached the trial judge and reported that he had noticed one of the jurors sleeping, but that another juror had also noticed the sleeping juror and nudged him awake. Smith's attorney also stated that Smith had indicated that he had seen a second juror sleeping. Then, again, after final jury instructions, Smith's attorney informed the court that he had seen a number of jurors nodding off and sleeping during the court's final instructions. Smith's attorney, however, did not provide any other details, such as the point during the trial or jury instructions when the jurors were purportedly sleeping or the duration of time they were sleeping. Further, Smith's attorney did not ask the trial court to take any specific actions based on these assertions. Nor did Smith's attorney request a mistrial. Rather, he argues on appeal that the trial court should *sua sponte* have stopped the proceedings and conducted a hearing to determine if any of the jurors had actually fallen asleep and, if so, whether Smith's right to a fair and impartial trial was violated. Even if we were to conclude that the trial court had a responsibility to inquire into whether, and to what extent, jurors were sleeping, Smith has failed to show that its failure to do so prejudiced him to the extent that he did not receive a fair trial and thus affected his substantial rights.

■■■■ Trial judges are not required to remove a juror found to have slept during trial. *United States v. Fernández-Hernández*, 652 F.3d 59, 75 (1st Cir. 2011). "A sleeping juror does not violate a defendant's due process rights unless *the defendant* can show he was prejudiced to the extent that he did not receive a fair trial." *Id.* (emphasis added). Further, trial judges are afforded considerable discretion in determining whether the removal of a juror is warranted. *See Vergile v. People*, 54 V.I. 455, 461 (V.I. 2010) ("[A] trial judge, in his or her sound discretion, may remove a juror and replace him with an alternate juror whenever facts are presented which convince the trial judge that the juror's ability to perform his duty as a juror is impaired.") (internal quotation marks and citation omitted). In *United States v. Freitag*, 230 F.3d 1019, 1023 (7th Cir. 2000), the United States Court of Appeals for the Seventh Circuit set out the appropriate considerations for addressing the issue of sleeping or dozing jurors:

> If sleep by a juror makes it impossible for that juror to perform his or her duties or would otherwise deny the defendant a fair trial, the sleeping juror should be removed from the jury. *See United States v. Kimberlin*, 805 F.2d 210, 244 (7th Cir. 1986); *United States v. Bradley*, 173 F.3d 225, 230 (3d Cir. 1999); *United States v. Springfield*, 829 F.2d 860, 864 (9th Cir. 1987). However, a court is not invariably required to remove sleeping jurors, *Springfield*, 829 F.2d at 864, and a court has considerable discretion in deciding how to handle a sleeping juror, *United States v. Wilcox*, 50 F.3d 600, 603 (8th Cir. 1995). Reversal is appropriate only if the defendant was deprived of his Fifth Amendment due process rights or his Sixth Amendment right to an impartial jury. *Springfield*, 829 F.2d at 864.[3]

■■■■ There is no evidence that any of the jurors in Smith's trial were unable to consider the case fairly. Even if one or more jurors slept through parts of the trial and jury instructions, Smith has failed to show, or even allege, that their sleep "had a prejudicial effect on his defense." *United States v. Sherrill*, 388 F.3d 535, 537-38 (6th Cir. 2004); *United States v. Olano*, 62 F.3d 1180, 1188 (9th Cir. 1995). In *Fernández-Hernández*, defendant's counsel alerted the trial court during trial that one of the

---

[3] This standard has also been accepted by the United States Court of Appeals for the Fourth Circuit. *See United States v. Johnson*, 409 Fed. Appx. 688, 692 (4th Cir. 2011).

jurors was falling asleep. 652 F.3d at 75. Defendant's counsel, however, did not raise any due process objections or request the trial court to take any action. *Id.* On appeal, the United States Court of Appeals for the First Circuit, reviewing for plain error, held that merely pointing out that a juror fell asleep at some point during a trial does not by itself establish that the defendant was prejudiced to the extent that he did not receive a fair trial. *Id.* Similarly, Smith's vague allegations that one or maybe two jurors were sleeping at some point during his trial and that some of the jurors were falling asleep and nodding off during final jury instructions are insufficient to show that he was prejudiced to the extent that he did not receive a fair trial. Smith has thus failed to show that the trial court's failure to inquire into how long the jurors were sleeping or what information they missed affected his substantial rights.

## III. CONCLUSION

Although the Superior Court should have excluded from evidence the knife found in Smith's belongings at the time of his arrest, its failure to do so was harmless error. The People presented substantial evidence to sustain his conviction for unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a). Smith has also failed to show that the trial court's failure to inquire into whether one or more jurors may have fallen asleep at different points during trial affected his substantial rights. The Superior Court's judgment is therefore affirmed.