J-S87035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KURT OSTRANDER | |
| Appellant | No. 2160 MDA 2015 |

Appeal from the Judgment of Sentence November 16, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004288-2012
CP-06-CR-0005003-2012

BEFORE: LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 27, 2017**

Kurt Ostrander appeals from the judgment of sentence imposed following revocation of probation. In addition, Ostrander's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

On March 6, 2013, Ostrander pled guilty to theft by unlawful taking and possession of a controlled substance at docket #4288-2012. That same day, Ostrander pled guilty to possession of a controlled substance at docket

_____

[*] Retired Senior Judge assigned to the Superior Court.

#5003-2012. On each charge, the court sentenced Ostrander to a probationary term of two years, all to run concurrently.

Thereafter, Ostrander violated the terms of his probation. At his *Gagnon II*[1] hearing, Ostrander admitted to violating his probation (failure to abstain from controlled substances, failure to abstain from alcohol, and failure to comply with chemical testing). *See* N.T. *Gagnon II* Hearing, 7/29/14, at 2-5. The court resentenced him that day on docket #4288-2012, to two concurrent terms of six months to 729 days' incarceration, with credit for time served (80 days) and on docket #5003-2012, to two years' probation, consecutive to the sentence imposed at #4288-2012.

Ostrander filed a post-sentence motion, which was denied. Ostrander appealed and the trial court ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Ostrander filed his Rule 1925(b) Statement on September 19, 2014.

On July 1, 2016, counsel filed filed an *Anders*/*Santiago* brief with this Court and an application to withdraw as counsel, asserting that Ostrander has no non-frivolous issues to pursue on appeal. On September 8, 2016, Ostrander filed a *pro se* response to counsel's *Anders* brief.

Our Supreme Court recently set forth the requirements for counsel's brief when seeking to withdraw:

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel is required to provide a copy of the *Anders* brief to Ostrander, and advise him by letter of his right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that he deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007).

After our review, we find counsel has substantially complied with these requirements. *See Anders* Brief, at 1-5; Application to Withdraw as Counsel, 7/1/16, at ¶¶ 7-10.[2] Counsel has identified one issue on appeal:

---

[2] We note that counsel's letter to Ostrander, which is attached to counsel's motion to withdraw, states: "Even if my appearance is withdrawn you have the right to retain new counsel or to yourself raise any issues you wish to receive the attention of the [S]uperior [C]ourt." Letter, 6/28/16, ¶ 3. Though this does not make clear that Ostrander had the right to respond to counsel's assertion of frivolity either through new counsel or *pro se* regardless of whether counsel is permitted to withdraw, we find counsel's imprecise drafting harmless as Ostrander in fact has filed a *pro se* reply to counsel's *Anders* brief.

whether the sentencing court had jurisdiction to revoke Ostrander's probation and resentence him. Counsel points out that Ostrander was sentenced to probation in March 2013, and he violated his probation in April and May 2014 even though he *had not yet started serving that probationary sentence* because was still serving another sentence (at docket #4081-2011). As counsel notes, a court does not have authority to revoke probation for conduct that occurred before imposition of the probationary sentence. *See Commonwealth v. Carver*, 923 A.2d 495 (Pa. Super. 2007). However, that is not the case here, where the court imposed the probationary sentences *prior to* Ostrander's violation.

The case of *Commonwealth v. Ware*, 737 A.2d 251 (Pa. Super. 1999), is controlling. There, this Court held that the sentencing court had authority to revoke defendant's probation, despite the fact that at the time of revocation of probation defendant had not yet begun to *serve* the probationary portion of her split sentence, and even though the offense upon which revocation of probation was based occurred during the parole period and not the probationary period. *Id.* at 253. The *Ware* Court relied on *Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980), which held that for revocation purposes, the term of probation included the term beginning at the time probation is granted. "Otherwise, having been granted probation a defendant could commit criminal acts with impunity - as far as revocation of probation is concerned - until he commenced actual

service of the probationary period." *Id.* at 630, quoting *Wright v. United States*, 315 A.2d 839, 841-42 (D.C. App. 1974)).

> If, at any time before the defendant has completed the maximum period of probation, *or before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States*, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

*Wendowski*, 420 A.2d at 630 (emphasis in original). *See also Commonwealth v. Dickens*, 475 A.2d 141 (Pa. Super. 1984) (fact that appellant had not commenced serving probation when new offense occurred did not prevent court from revoking its prior order placing appellant on probation).

Ostrander admitted that he violated the terms of this probation in the spring of 2014 by failing to refrain from the consumption of alcohol. N.T. *Gagnon II* Hearing, 7/29/14, at 3-4; N.T. *Gagnon II* Hearing, 10/21/15, at 5-6. As a result of this admission, the trial court found Ostrander to be in violation of the terms of his consecutive probation and resentenced him. This was proper under *Wendowski*.

Ostrander states in his Response to Counsel's Petition to Withdraw and *Anders* Brief, that *Wendowski* applies only to "those rare offenders

convicted of new criminal charges while serving a "split sentence," ie., a sentence for a specific crime in which part of the time is served in confinement . . . and the rest on probation[.]" Response, 9/10/16, at 1. There is no support for this argument. In fact, in **Wendowski**, the defendant was not serving a split sentence. The fact that the sentence in **Ware** was a split sentence is immaterial.[3]

Our independent review of the record reveals no other non-frivolous issues. *See Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008). Accordingly, we affirm the judgment of sentence and grant counsel's petition for leave to withdraw

Judgment of sentence affirmed; counsel's petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2017

---

[3] Ostrander's motion for enlargement of time to file additional points of law and for leave to supplement the certified record is denied.

- 6 -