248 F.3d 1187 (D.C. Cir. 2001)
 Robert Louis Stevenson, Appellant
v.
District of Columbia Metropolitan Police Department, et al., Appellees
United States of America, Intervenor
 No. 00-7149
 United States Court of Appeals FOR THE DISTRICT OF COLUMBIA CIRCUIT
 Argued March 16, 2001
Decided May 1, 2001
 
 Appeal from the United States District Court for the District of Columbia (No. 97cv00093)
 Daryl L. Joseffer argued the cause for the appellant. Elizabeth Petrela was on brief.
 Edward E. Schwab, Assistant Corporation Counsel, the District of Columbia, argued the cause for the appellees. Robert R. Rigsby, Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, Lutz Alexander Prager, Assistant Deputy Corporation Counsel, and Thomas L. Koger, Assistant Corporation Counsel, were on brief.
 Lisa Wilson Edwards, Attorney, United States Department of Justice, argued the cause for the intervenor. William R. Yeomans, Acting Assistant Attorney General, was on brief.
 Before: Edwards, Chief Judge, Williams and Henderson, Circuit Judges.
 Opinion for the court filed by Circuit Judge Henderson.
 Karen LeCraft Henderson, Circuit Judge:
 
 
 1
 The appellant, Robert L. Stevenson, brought a section 1983 action, 42 U.S.C. 1983, against the District of Columbia Metropolitan Police Department (MPD); Sergeant Albert Gonzalez; Officers Demetrius Cole, Alan Hill and Lewis Hagler; Reserve Officer Johnny Gay; and the District of Columbia (collectively, the District) alleging violations of his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution as well as several state law claims. After the district court granted partial summary judgment to the defendants on some of the claims,[1] the case was tried to a jury which found in favor of the defendants on all remaining counts. The district court entered judgment on the jury verdict.
 
 
 2
 Stevenson contends the district court erred during the trial by (1) revealing its view of the facts to the jury, (2) admitting irrelevant and highly prejudicial evidence and (3) excluding important impeachment evidence.[2] For the reasons set forth below, we affirm.
 
 I. BACKGROUND
 
 3
 The case arises from events that occurred on March 7, 1996. According to Stevenson's trial testimony, he and his friend Larry Wallace borrowed a Chrysler New Yorker from a friend and, after running some errands, stopped at the McDonald's restaurant located at 4301 Nannie Helen Burroughs Avenue, N.E., Washington, D.C., to pick up something to eat before returning the borrowed car. After waiting in the drive-through line, they obtained their food and were about to drive away. Before they could, however, they found themselves surrounded by police officers who, with guns drawn, were "hollering" at them. Joint Appendix (JA) 206. Instead of stopping, Stevenson became scared, put the car in reverse, backed up until he bumped into the car behind him, drove forward, backed up again and finally managed to turn the car around heading back toward the entry of the drivethrough lane. At this point, he heard a police officer yell "shoot, shoot, shoot," JA 207, and the Chrysler he was driving became the target of 63 gun shots. Stevenson and Wallace were wounded. Stevenson spent one month in the hospital having been hit in the chest, left arm, right hand and left leg. He now suffers permanent nerve damage, loss of mobility in his left arm and other physical disabilities.
 
 
 4
 The police officers testifying at trial told a different story. On March 7 Officer Demetrius Cole was working (off-duty but in uniform) as a security officer at the McDonald's restaurant. He observed Stevenson's vehicle enter the drivethrough line and suspected it might be stolen because the passenger side window was broken. Cole placed a call to the MPD to check the license plates. After learning the plates had been reported stolen, he requested back-up and instructed the McDonald's clerk who was processing Stevenson's order to stall him. Within minutes, Officers Alan Hill and Lewis Hagler arrived at the restaurant with their sirens on. They pulled into the exit of the drive-through lane to prevent the car from leaving. Sergeant Albert Gonzalez and Reserve Officer Johnny Gay approached from the back of the line in an attempt to cut off the suspect's means of escape. The officers, who were wearing their police uniforms, ordered Stevenson and his friend to stop the car and show their hands. Instead of complying, Stevenson drove first in reverse and then forward, hitting Officer Hill. Hill landed on the hood but was thrown back when the car went in reverse the second time. Then, the car moved forward in the direction of Cole. Considering themselves and each other in danger, the officers began shooting until the car had come to a stop.
 
 
 5
 In January 1997 Stevenson brought this action. He now appeals the district court's entry of judgment in favor of the District.
 
 II. DISCUSSION
 
 6
 Stevenson raises three arguments on appeal. We address each in turn.
 
 
 7
 A. The District Court's Revelation of Its View of the Facts to the Jury
 
 
 8
 Stevenson's first challenge arises from a hypothetical question the district court asked a defense expert witness. After defense counsel had asked the witness several hypothetical questions, the district court interjected its own hypothetical. At a bench conference, Stevenson objected, claiming the court's hypothetical assumed as true the defendants' version of the facts. He requested that the court "issue some sort of instruction to the jury [that] they're not to assume that's your opinion of the facts or those are the facts," JA 386, and also asked the court to ask the expert a hypothetical using Stevenson's version of the facts. The district court agreed to the first request and to consider a counter-hypothetical but instructed Stevenson to provide in writing the question he wanted asked. Immediately after the bench conference, the court charged the jury that hypotheticals assumed facts that "may or may not be the facts of this case," that deciding the facts was the jury's task and "what the lawyers say are the facts, what [the judge says] are the facts, is immaterial to your decision." JA 387-88. At the end of the expert's crossexamination, Stevenson failed to provide the court with any hypothetical questions. In fact, when the court inquired whether he wanted the court to give an additional instruction, Stevenson replied "Your jury instructions were fine." JA 398. Now Stevenson contends the district court's questioning of the expert witness was reversible error.
 
 
 9
 We review the judicial questioning of a witness for abuse of discretion. United States v. Tilghman, 134 F.3d 414, 417 (D.C. Cir. 1998). Rule 614(b) of the Federal Rules of Evidence expressly permits judges to question witnesses.[3] Tilghman, 134 F.3d at 416. "Judges may do so repeatedly and aggressively to clear up confusion and manage trials or where testimony is inarticulately or reluctantly given." Id. (citations and internal quotation marks omitted). Moreover, " '[t]he precepts of fair trial and judicial objectivity do not require a judge to be inert. The trial judge is properly governed by the interest of justice and truth[ ] and is not compelled to act as if he were merely presiding at a sporting match.' " United States v. Norris, 873 F.2d 1519, 1526 (D.C. Cir.) (quoting United States v. Liddy, 509 F.2d 428, 438 (D.C. Cir. 1974) (en banc), cert. denied, 420 U.S. 911 (1975)), cert. denied, 493 U.S. 835 (1989).
 
 
 10
 Although, as we have noted before, "[d]istrict court authority to question witnesses and manage trials ... has limits," Tilghman, 134 F.3d at 416 (citing United States v. Wyatt, 442 F.2d 858, 859-61 (D.C. Cir. 1971)), our review of the record here convinces us the district court acted well within its discretion. Stevenson received the jury instruction he requested. Moreover, despite the district court's willingness to consider asking a hypothetical question on Stevenson's behalf, Stevenson failed to provide the court with such a question. Under these circumstances, we find no fault with the district court's action.
 
 B. Admissibility of the Gun
 
 11
 Stevenson's second claim involves the district court's ruling on the admissibility of a Cobray MAC 11 semiautomatic weapon taken from Wallace when he was arrested. In a motion in limine Stevenson argued the gun was irrelevant because the police officers did not know before the shooting that Wallace was armed and therefore the reasonableness vel non of their actions was not dependent on the gun's existence. Moreover, Stevenson argued that admitting the gun would be unfairly prejudicial because it would inflame the jury against him. The District countered that the MAC 11 was relevant to show "plaintiff's motivations and intent to escape at all costs," JA 57, and to contradict his assertion that he tried to flee only because "he panicked when he saw the police." JA 63. The district court concluded Wallace's possession of the gun was "more probative than prejudicial as evidence of the plaintiff's desperation, as a convicted felon on parole ... in the presence of a firearm, to avoid arrest and his intention to use his vehicle as a weapon." JA 114.
 
 
 12
 Stevenson presses before us the same arguments he advanced before the district court. Reviewing the district court's evidentiary rulings for abuse of discretion, United States v. Clarke, 24 F.3d 257, 267 (D.C. Cir. 1994), we conclude the district court did not abuse its discretion.
 
 
 13
 The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Under this definition, the gun is relevant because, as the District argued below, it tends to support the proposition that Stevenson was intent on escaping at all costs and in so doing placed the officers at risk. Moreover, there is no evidence in the record that the district court "gravely" abused its discretion in declining to exclude the gun under Rule 403. See Clarke, 24 F.3d at 265 ("We review the district court's Rule 403 determinations 'with great deference, reversing only for "grave abuse" of discretion.' " (quoting United States v. Johnson, 970 F.2d 907, 912 (D.C. Cir. 1992) (quoting United States v. Payne, 805 F.2d 1062, 1066 (D.C. Cir. 1986)))). Although admission of the gun no doubt worked against Stevenson's interest, the risk of undue prejudice to Stevenson, we conclude, did not substantially outweigh the evidence's probative value. Finally, Stevenson's reliance on Carter v. District of Columbia, 795 F.2d 116 (D.C. Cir. 1986), is misplaced. There the court held that the district court abused its discretion in allowing counsel to read lengthy and detailed allegations of police misconduct contained in administrative complaints, pleadings in lawsuits and newspaper articles when the sole purpose of the exercise was to test whether the witnesses were familiar with the allegations. The same result, the court noted, could have been achieved in a less prejudicial manner. The facts here are far different. The allegedly prejudicial evidence introduced was not extensive, as it was in Carter. See id. at 126-28. Moreover, unlike the challenged evidence in Carter, the gun was probative of an important issue in the case, namely which version of events-Stevenson's or the officers'-was true. Accordingly, Carter does not win the day for Stevenson.
 
 C. Exclusion of Impeachment Testimony
 
 14
 Stevenson's third argument involves another evidentiary ruling. At the conclusion of Officer Hill's testimony, Stevenson's counsel sought to cross-examine Hill about an incident in which Hill "submitted a false report and was subsequently suspended from the D.C. Police Department for 20 days." JA 375. The District objected, asserting that the incident had to do with Hill's failure to comply with a superior's orders and was irrelevant. The District requested that the court examine the report and determine its admissibility. After doing so, the court sustained the District's objection. Stevenson's counsel did not renew any attempt to cross-examine Hill about the incident. Stevenson contends the court's ruling was error.
 
 
 15
 Although the transcript reflects the exchange described above, the challenged report was not proffered into evidence. Nor does the record manifest that Stevenson was improperly barred from pursuing cross-examination and therefore we cannot say that the district court abused its discretion in sustaining the District's objection. See Palmer v. Hoffman, 318 U.S. 109, 116 (1943) ("Mere 'technical errors' which do not 'affect the substantial rights of the parties' are not sufficient to set aside a jury verdict in an appellate court. 40 Stat. 1181, 28 U.S.C. 391. He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted."). Accordingly, the district court's decision on this point stands.
 
 
 16
 For the foregoing reasons, the district court's judgment is
 
 
 17
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Stevenson does not challenge the district court's summary judgment ruling.
 
 
 [2]
 In his opening brief, Stevenson also challenged the district court's denial of discovery of certain sealed documents prepared by the United States Department of Justice (DOJ). See Brief for Appellant at 33-36. After the DOJ filed its intervenor brief, Stevenson modified his position, conceding that if, as the DOJ represented, the documents at issue consisted only of factual material provided by the District or comments by DOJ experts, the district court's decision was proper and "there is no dispute here." Reply Brief at 26. On review, we conclude the DOJ's representations were accurate and therefore need not address the discovery issue further.
 
 
 [3]
 Rule 614 provides: "The court may interrogate witnesses, whether called by itself or by a party." Fed. R. Evid. 614(b).