**Shinok PARK, Appellant,**

v.

**RADIO FREE ASIA and Jaehoon Ahn, Appellees.**

No. 00–7233.

United States Court of Appeals, District of Columbia Circuit.

Dec. 3, 2001.

Rehearing and Rehearing En Banc Denied Jan. 22, 2002.

Before RANDOLPH and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to this Court and briefed and argued by counsel. The Court has accorded the issues full consideration and has determined that they occasion no need for a published opinion. See D.C.Cir. Rule 36(b). For the reasons set forth in the attached memorandum, it is

ORDERED and ADJUDGED that the judgment of the district court is affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a)(1).

## MEMORANDUM

Plaintiff Shinok Park filed suit against her employer, Radio Free Asia (RFA), and her supervisor, Jaehoon Ahn, after she was dismissed from her position as a broadcast journalist. She appeals the district court's grant of summary judgment against her on her claims of sexual harassment and slander. She also appeals the district court's decision, during trial of her other claims, to exclude a translation and transcript of a recorded conversation between her and Ahn. We affirm the district court in all respects.

■ Park argues that Ahn discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). Viewing the facts in the light most favorable to plaintiff, we conclude that the conduct she describes did not create a discriminatory work environment under the standards established by the Supreme Court. See, e.g., Clark County School District v. Breeden, 532 U.S. 268, 121 S.Ct. 1508, 1509–10, 149 L.Ed.2d 509 (2001) (explaining that "sexual harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of [the victim's] employment and create an abusive working environment") (internal quotation marks omitted); Faragher v. City of Boca Raton, 524 U.S. 775, 787–88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (explaining that "in order to be actionable under the statute, a sexually objectionable environment must be both objectively and subjectively offensive, one that a reasonable person would find hostile and abusive, and one that the victim in fact did perceive to be so," considering such factors as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance") (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

■ Park further contends that Ahn committed slander when, after her termination, he made a false statement about her during an RFA management meeting. The meeting was held to discuss the company's position regarding any legal action Park might initiate. Park concedes that Ahn's statement at the meeting was presumptively protected by the qualified "common interest" privilege, see Appellant's Reply Br. at 12, which applies where a statement is "on a subject in which the party communicating has an interest, or in reference to which he has, or honestly believes he has, a duty to a person having a corresponding interest or duty," and the statement is made "to a person who has

such a corresponding interest." *Moss v. Stockard*, 580 A.2d 1011, 1024 (D.C.1990). Although the common interest privilege may be defeated by a showing that the statement was made with malice, *see id.*, Park has neither shown that the statement was itself so egregious as to generate an inference of malice nor offered any other evidence of malice. Accordingly, her claim of slander fails. *See id.; see also Mosrie v. Trussell*, 467 A.2d 475, 478 (D.C.1983) ("[I]f the language of the communication and the circumstances attending its publication by the defendant are as consistent with the nonexistence of malice as with its existence, there is no issue for the jury, and it is the duty of the trial court to direct a verdict for the defendant.") (internal quotation marks omitted).

Finally, Park maintains that the district court erred in excluding a translation and transcript prepared by Park's expert. The translation and transcript were of a tape, itself admitted into evidence, on which Park and Ahn conducted a heated conversation about Park's job performance and various promises Ahn had allegedly made concerning her employment terms. The conversation was in both English and Korean. The district court identified various errors in the transcription of the English-language portion of the tape, and concluded that the translation and transcript was too unreliable to be given to the jury. We review a trial judge's evidentiary rulings for abuse of discretion. *See, e.g., Stevenson v. District of Columbia Metro. Police Dep't*, 248 F.3d 1187, 1190 (D.C.Cir.2001). Here, we find no reason to overturn the district court's discretionary judgment that the risk of the transcript's misleading the jury outweighed its probative value. *See* Fed. R. Ev. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury).

For the foregoing reasons, the district court's grant of summary judgment on Park's sexual harassment and slander claims, as well as its evidentiary ruling, are

*Affirmed.*