State of NEW YORK, et al., Plaintiffs,

v.

**MICROSOFT CORPORATION,**
Defendant.

No. Civ.A. 98–1233(CKK).

United States District Court,
District of Columbia.

May 29, 2002.

## MEMORANDUM OPINION AND ORDER

KOLLAR–KOTELLY, District Judge.

Presently pending before the Court is Plaintiff Litigating States' "Motion to Reconsider the Admission of Plaintiffs' Exhibit 276." Plaintiffs bring this motion following the close of evidence in the remedies hearing recently held in the above-captioned case. Plaintiffs' Exhibit 276 (PX 276) is an internal Microsoft e-mail memorandum authored, in the first instance, by Microsoft executive Joachim Kempin. Plaintiffs proffer that PX 276 reflects Mr. Kempin's view, as shared with other Microsoft executives, regarding Microsoft's treatment of original equipment manufactures (OEMs). Pl.Mem. at 2. Plaintiffs offered PX 276 during their April 23, 2002, cross examination of Microsoft Chairman and Chief Software Architect William H. Gates III. Upon this offering. Microsoft, having not previously lodged a specific objection to the admission of the document but having generally objected to all evidence of "new anticompetitive conduct." objected or he grounds that the document was both irrelevant and unfairly prejudicial. Following a discussion with counsel out of the hearing of the witness, the Court determined to exclude the document on the grounds that its probative value was outweighed by the risk of unfair prejudice to Defendant. Nearly three weeks later, Plaintiffs filed the instant motion to reconsider, asserting both new and previously asserted grounds to support the admission of PX 276. Upon review of Plaintiffs' motion. Defendant's opposition, and the record in this case, the Court concludes that Plaintiffs' motion must be denied.

At the outset, the Court is compelled to address Plaintiffs' assertion that the pertinent portion of the record, meaning the trial transcript ("Tr."), is not complete. Pl.Mem. at 3. Plaintiffs' memorandum posits that the sequence of relevant events can be summarized as follows:

On April 24, 2002, during the cross examination of Bill Gates, the Litigating States sought to admit PX 276 into evidence. Microsoft—which had not previously lodged any objection to the document even though it was required to do so under the Court's March 2, 2002 Order then belatedly objected on relevance grounds. After a brief colloquy at the Bench, which is not fully transcribed, the Court sustained the objection. (Tr. at 4856–67).

Pl.Mot. at 3. Plaintiffs' rendition of the events surrounding PX 276 is inaccurate on a number of grounds. First and foremost. Plaintiffs offered PX 276 on the morning of April 23, 2002, not April 24. Accordingly the principal discussion surrounding PX 276 and the Court's ruling on the issue appear in the April 23 transcript at pages 4707 through 4724 of the record. Without delving into the substance of the Court's ruling at this point, it is helpful to examine the beginning and the end of the colloquy to make clear that on April 23, 2002, as is fully reflected in the record. Plaintiffs offered PX 276. Defendant

lodged an objection, and the Court issued a ruling:

MR. KUNEY: Your Honor, I'd like to identify and offer into evidence at this point in time Plaintiffs' Exhibit 276. It's two e-mails, the top of the page e-mail is from Mr. Gates to Steve Ballmer and others dated August 14, 2000.

MR. WEBB: Your Honor, I do object to this exhibit, Your Honor.

This exhibit I believe is clearly being offered into evidence to get into new anticompetitive conduct.

. . .

THE COURT: So my approach at this point is not to use it and put it in the context of, you know, some new sort of anticompetitive conduct that you're setting out here. Ask it in a more hypothetical manner. If that doesn't work I'll revisit using this.

MR. WEBB: Very well.

(End of bench conference.)

THE COURT: You can return, sir. Let's proceed.

Tr. at 4707–08, 4723–24.

Following the Court's ruling with regard to PX 276, a related issue arose concerning Plaintiffs' application of the Court's ruling relative to PX 276 to two additional documents, Plaintiffs' Exhibits 223 and 495 (PXs 223 and 495). The Court engaged in a discussion with counsel which touches upon PX 276, but primarily concerns the potential admissibility of PXs 223 and 495. *See* Tr. at 4856–4867. That discussion was not fully transcribed. As a result, the Court endeavored to capture the substance of the post-ruling discussion by placing on the record of April 24, 2002, the nature of the discussion:

The only other issue that I think I would like to put on the record, and maybe this is the time to do it when Mr. Gates is not here, is the discussion about the exhibits that were not admitted, but identified as 276, 223 and 495.

We got into a short discussion, but it wasn't on the record, and at some point I think it should be put on the record before he completes his testimony so if there's an issue that needs to be revisited, he's still here.

And the only thing I was going to say, without getting into a discussion, is on the—the inquiry that I made related to your decision that 223 and 495, that with the ruling that I made about 276 would apply to it.

And the question I asked was whether—and this is before I had a chance to look at the transcript last night—whether your inquiry sort of went under what we've labeled in shorthand the rubric of "same or similar conduct" as opposed to—and these are fine lines—but as opposed to being able to inquire about conduct that would or would not fall in or outside of certain provisions. You certainly did have the testimony about that.

The answer you gave me was no, it was not under what we've called the same or similar conduct, and also that 223 and 495 definitely were not under the same or similar conduct.

So I want to make sure that that's actually still the position, since we discussed it off the record.

Tr. at 4856–57. As the Court's ruling with regard to PX 276 was rendered on April 23, 2002, and PXs 223 and 495 are not at issue in Plaintiffs' motion to reconsider, the Court regards Plaintiffs' exclusive reliance upon pages 4856 through 4867 of the transcript as incomplete and therefore, misleading.

Turning to the substance of Plaintiffs' motion to reconsider, it is helpful to summarize the arguments made by the parties at the time the exhibit was offered and the Court's ruling in response thereto. As noted above. PX 276 is an internal Microsoft e-mail which contains a proposal for

Microsoft treatment of OEMs. Tr. at 4708; Pl.Mot., Ex. 1. During trial, Microsoft objected to the admission of the e-mail on the grounds that it appeared that the exhibit was being offered as evidence of "new anticompetitive conduct," meaning conduct that "is not the anticompetitive conduct that was determined by the Court of Appeals to have violated the antitrust laws." Tr. at 4707–08. Upon inquiry by the Court, Plaintiffs explained that they intended to offer the e-mail as an example of a type of behavior and to inquire "whether the witness would recognize this form of conduct as something that would be prohibited" by a particular remedy provision. Tr. at 4709. In response to these arguments, the Court indicated its concern that, given the unique procedural posture of this case.[1] Plaintiffs' proffered evidence was more suggestive of liability than of remedy. Mindful of the risk of becoming mired in an analysis of new liability, in derogation or the Court's task of crafting a remedy for already-established liability, the Court excluded PX 276 on the grounds that its prejudicial impact threatened to outweigh its probative value. Tr. at 4716–

17. Having been told that the intended purpose of the evidence was to explore the contours of Mr. Gates' interpretation of the Plaintiffs' remedy proposal, the Court devised a solution which, at the time, appeared to serve Plaintiffs' purposes and would mitigate any unfair prejudice.[2]

 Rule 402 of the Federal Rules of Evidence provides the very general proposition that "relevant evidence" is admissible, except as otherwise provided by the Federal Rules of Evidence, and, quite logically, "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402. Federal Rule of Evidence 403 expands upon this proposition by dictating that relevant evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." Fed.R.Evid. 403. A trial court has "broad discretion" in deciding whether the risk of undue prejudice outweighs the probative value of the evidence. *See Stevenson v. District of Columbia Metropolitan Police Dept.*, 248 F.3d 1187 (D.C.Cir.2001). This discretion applies equally in cases tried in the absence of a

---

1. Undoubtedly, the procedural posture of this case is unusual in many regards. In this context, the Court refers to the fact that the record on liability was closed for nearly two years prior to the commencement of the presentation of evidence in conjunction with these remedy proceedings.

2. To avoid any improper inference from the contents of PX 276, the Court proposed that Plaintiffs' intended purpose could be achieved by using a hypothetical in questioning Mr. Gates, rather than the document itself:

> THE COURT: The purpose you're using it is to come up with examples to find out what conduct [Mr. Gates] thinks is covered and what isn't, and I don't have a problem with that.
>
> I have some concerns about using an actual one—okay?—where it's clear that you think it's retaliatory, because I think it does go down the path of, at least looking at

it as something that, if it's retaliatory, it's going to be anticompetitive, even if it isn't an antitrust violation down the pike.

. . .

> [B]ut I think the point that you're trying to get at, I prefer you use something that you can take—come up with, I think, examples that would make it clear one way or the other in the abstract without getting into real actions as to whether it would be covered or not, and you can give an example that you think should be covered under this and see what [Mr. Gates] has to say.
>
> MR. WEBB: And I don't object to that.
>
> THE COURT: I mean, I don't see why you have to use the actual one as opposed to some example. You can use sort of a model on this if you want, pull out what you view as the key features that indicate why you think it should be in the box and see if [Mr. Gates] recognizes it. I'm not suggesting the exercise is not a useful one.

Tr. at 4717, 4719.

jury. *See United States v. Hall,* 969 F.2d 1102, 1109–10 (D.C.Cir.1992).

█ Plaintiffs argue that PX 276 is relevant [3] to "undercut" Microsoft's argument that the "anti-retaliation provision" of the Litigating States' proposed remedy "swe[eps] too broadly." Pl.Mot. at 6. In particular, Plaintiffs assert that PX 276 establishes "(a) that it is possible to distinguish 'anti' actions from potentially beneficial business conduct, and (b) that such actions continue and, therefore, need to be remedied." Pl.Mot. at 6. As to the first assertion, this argument appears to be a further refinement of the argument made by Plaintiffs when the evidence was offered, namely, that the information in PX 276 would be used to explore what kind of conduct will be addressed by a particular section (Section 8) of Plaintiffs' proposed remedy. To the extent that Plaintiffs sought to establish that the conduct described in PX 276 would or would not be addressed by their proposed remedy, Plaintiffs were afforded an opportunity to make the relevant inquiry, albeit in hypothetical form, and proceeded to do so following the Court's ruling. Tr. at 4724. Thus, with regard to the first use of PX 276 proffered by Plaintiffs, there is little basis upon which Plaintiffs can claim to

have been prejudiced by the Court's ruling.

Turning to the second assertion that PX 276 provides evidence of a continuing action which is similar to a previously established antitrust violation and, therefore, is itself in need of a remedy the Court notes with concern that this inference was expressly disavowed by Plaintiffs in response to Defendant's objection. Tr. at 4709 ("We're making no accusation that the conduct described in here would or would not independently violate the antitrust laws."). Microsoft lodged an objection based upon its concern that PX 276 was unfairly prejudicial in that the document "suggests that Microsoft is engaging in some type of [new] antitrust misconduct that needs to be remedied." Tr. at 4710. Microsoft takes the view that consideration of new alleged misconduct, while it might have been proper during the liability portion of the proceedings, is not appropriate in the remedy phase, where liability is fixed. Rather than argue, as they have in their motion to reconsider, that such a suggestion is entirely appropriate during a remedy proceeding, Plaintiffs argued the opposite, and proffered an entirely distinct use for the evidence.[4] In so arguing, Plaintiffs acknowledged, indeed conceded, that it would be improper for this Court to con-

---

**3.** Plaintiffs' motion does not directly address the balancing test advanced in Rule 403 of the Federal Rules of Evidence. Instead, Plaintiffs argue simply that PX 276 is relevant.

**4.** Plaintiffs stated the purpose of their questioning relating to PX 276 at numerous times during the April 23 colloquy with the Court:

> MR. KUNEY: It strikes us that's consistent with what has taken place so far [in this proceeding] where people use actual examples of behavior and ask whether the remedies would cover them, which is the pertinent question, not whether its anticompetitive.
> . . .
> The question I want to pose is whether the witness would recognize this form of conduct as something that would be prohib-

ited by the remedy provision that we're discussing.
. . .
And I think we're entitled to demonstrate that, or to find out whether, when [Mr. Gates]: sees an action presented that is clearly identified as anti-someone, that that would fall within the contours of provision 8 [of the States' proposed remedy].
. . .
In order to understand the significance of the decree and the behavior that it would permit and prohibit, I think we ought to be able to ask witnesses, especially the people who were in charge of the company, do you believe you could continue doing this if this were the order that were entered?
That's all it is. And it really has nothing to do with the question of whether this is a provision whose boundary matches the an-

clude that some new Microsoft activity was in "need" of a remedy without first engaging in the four-step analysis of antitrust liability adopted by the Court of Appeals in this case. *See, e.g.,* Tr. at 4714,[5] *see also United States v. Microsoft Corp.,* 253 F.3d 34, 58–59 (D.C.Cir.2001).

 The Federal Rules of Evidence contemplate that any exclusion of evidence will be accompanied by an "offer of proof" which makes the "substance of the evidence" known to the Court. Fed.R.Evid. 103. Courts have interpreted the "offer of proof" requirement to mean that "in asserting objections to a trial court's exclusion of evidence, a party is required under [Rule] 103(a)(2) to carefully articulate every ground for which the evidence is admissible." *Reese v. Mercury Marine Division of Brunswick Corp.,* 793 F.2d 1416, 1421 (5th Cir.1986) (citing cases). One rationale for requiring an offer of proof is that it "allows a judge to give further consideration to the claim of admissibility." *Baton Rouge Marine Contractors, Inc. v. Federal Maritime Comm'n,* 655 F.2d 1210, 1216 (D.C.Cir.1981). Where the evidence has multiple uses, some permissible and some impermissible, a more detailed explanation of the use of the evidence is appropriate: "Without a particularized explanation the trial judge will likely focus on the impermissible aspects of the proffered ma-

terial, and will be unaware of the possible limited purpose available to the offering party. This places the trial judge in an unfair predicament with respect to a ruling." *United States v. Willie,* 941 F.2d 1384, 1393 (10th Cir.1991).

In their motion to reconsider, Plaintiffs attempt, unpersuasively, to explain the distinction between an inference that certain conduct establishes "new" antitrust liability and an inference that certain conduct is merely "the same or similar" to the conduct which was found by the Court of Appeals to violate § 2 of the Sherman Act. Plaintiffs argue that PX 276 fits the latter inference, and therefore should be admitted into evidence on that basis. The now familiar refrain of "same or similar conduct" has been employed by the Court and the parties as a shorthand way of capturing the proposition most succinctly enunciated in *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). The *Zenith* court stated in pertinent part:

> A federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past.

*Id.* at 132, 89 S.Ct. 1562.[6] To the extent

---

titrust laws or has nothing to do with the antitrust laws.

. . .

We're trying to figure out what the consequences of the remedial order would be, and the way you do that is you take examples of behavior and say: Are those inside or outside? We've been doing that for several weeks now.

And I don't see why I can't ask Mr. Gates: Look at this behavior, the provision you've testified about, remedy 8, could you do this or couldn't you, period? That's all.

. . .

Only whether [the conduct] is in or out. Tr. at 1709–4718.

**5.** The transcript provides in pertinent part:

> MR. WEBB: [W]hat he's then doing is suggesting that whatever this conduct is obviously has to violate the antitrust laws or we couldn't be here to remedy it.
>
> MR. KUNEY: That's wrong. *We['re] not remedying it.* We're asking whether it [is] outlawed [by the remedy].
>
> We are trying to figure out what the consequences of the remedial order would be

. . .

Tr. at 4714 (emphasis added).

**6.** Plaintiffs take the position that if conduct can be shown to be "the same or similar" to conduct which gives rise to antitrust liability

that this argument may have been present during Plaintiffs' colloquy with the Court, *see* Tr. at 4721–22, it was not clearly articulated, and in some instances, appears to have been disavowed by Plaintiff's counsel. At a minimum, this aspect of Plaintiffs' argument, if it was asserted, was patently secondary to Plaintiffs' more clear desire to inquire if certain conduct would be "covered" by the States' proposed remedy.[7]

The litigation process presumes that the parties will present their case only once and will present their best arguments at that time. Flowing from this presumption is a policy consideration which counsels against permitting a party to assert an entirely new argument after a ruling has been made, particularly when that argument was available prior to the Court's ruling. Notwithstanding this consideration, even a meritorious, albeit tardy, argument may be considered, provided that Defendant is not unfairly prejudiced by the Court's consideration of the untimely argument. Therein lies the dilemma in this case.

Ultimately, the Court's ruling on Plaintiffs' motion to reconsider rests upon an examination of the prejudice which would be suffered by Defendant were the Court to consider the merits of Plaintiffs' new argument and determine that the prior ruling should be revised. As Plaintiffs' motion to reconsider was filed after the close of evidence,[8] it is certain that Defendant would suffer considerable prejudice if the Court were to abandon its prior ruling based upon Plaintiffs' new theory of admissibility. Simply stated, Plaintiffs offer PX 276 to support the inference that the conduct described in the document has actually occurred. Microsoft objects to this inference and proffers that it would have offered evidence directly rebutting such an inference had the Court admitted PX 276. Microsoft Opp'n at 4–5. Microsoft would be deprived of that opportunity if the Court were to admit PX 276 at this juncture, and thereby, clearly prejudiced. In contrast, given the uncertainty as to whether PX 276 would ultimately support the inference Plaintiffs advance, there seems to be far less prejudice to Plaintiffs in the maintenance of the status quo.

Based on the foregoing, the Court concludes that the belated admission of PX 276 would substantially prejudice Microsoft. Plaintiffs' failure to articulate all of the justifications for offering PX 276, compounded by the untimely filing of their motion to reconsider, renders the prejudice to Defendant unavoidable. In this

---

in this case, under *Zenith* and related case law, it is appropriate for the Court to remedy that conduct, without regard to whether the conduct itself would violate the antitrust laws. *See, e.g.,* Pl.Supp.Mem. in Opp'n to Def.Mot. to Exclude Evid. of Server Operating Systems, etc. at 37–43. Defendant disagrees. The Court has reserved ruling on this issue.

7. Moreover, this purported alternative use of PX 276 appears to be unrelated to the questioning of Mr. Gates, and therefore, falls outside of the Court's ruling, which was limited to Plaintiffs' proposed use of the document in conjunction with the questioning of Mr. Gates. *See* Tr. at 4723–24 ("I'm not going to admit an exhibit if I don't think—it has to be admitted for a particular purpose for me ... I'm not going to let you use it in the context

of the witness....''). If Plaintiffs had a use for PX 276 unrelated to the questioning of Mr. Gates or some other Microsoft witness, they should have attempted to offer PX 276 into evidence in conjunction with their own case and articulated this alternative purpose at that time.

8. Plaintiffs offer no explanation for the nearly three-week delay between the Court's April 23, 2002, exclusion of PX 276 and the May 13, 2002, filing of their motion to reconsider. Certainly the arguments advanced in Plaintiffs' motion were available to them at the time the Court made its ruling, on April 23, 2002, and again when the Court revisited its ruling on April 24, 2002, while Mr. Gates was still on the stand, and on each day thereafter, in advance of the close of evidence.

posture, the Court has no choice but to deny Plaintiffs' motion to reconsider.

**ORDERED** that Plaintiffs' motion to reconsider is DENIED.

**SO ORDERED.**